Jaikaran Singh, CA Bar No. 201355
  jsingh@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA  90071-2411
Telephone:  858.847.6700
Facsimile:   858.792.6773

Jay N. Varon, Esq. (*pro hac vice motion forthcoming*)
  jvaron@foley.com
David A. Hickerson, Esq. (*pro hac vice motion forthcoming*)
  dhickerson@foley.com
**FOLEY & LARDNER LLP**
3000 K Street, N.W.
Washington, D.C.  20007
Telephone:  202.672.5380
Facsimile:   202.672.5399

Attorneys for Defendant
Walmart, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYA EDWARDS and JAMAL ERAKAT on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>WALMART, INC.,<br><br>          Defendant. | Case No. 2:18-cv-9655 GW-FFM<br><br>**DEFENDANT WALMART, INC.'S NOTICE OF MOTION AND MOTION DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:           March 7, 2019<br>Time:          8:30 a.m.<br>Ctrm:          9D<br>Judge:         Hon. George H. Wu<br><br>Trial Date:           Not Set<br>Complaint Filed:  November 15, 2018<br>FAC Filed:           January 11, 2019 |

Case No. 2:18-cv-9655-GW-FFM

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 7, 2019, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu of the United States District Court, Central District, Western Division, in the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 9D, 9th Floor, Los Angeles, California 90012, Defendant Walmart, Inc. ("Walmart") will and hereby does move this Court for an order dismissing Plaintiffs Toya Edwards and Jamal Erakat's First Amended Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's motion is made on the following grounds:

First, all of Plaintiffs' claims are expressly preempted under 21 U.S.C. § 379r(a), the National Uniformity for Nonprescription Drugs provision of the Food and Drug Administration ("FDA") Modernization Act of 1996, which is part of Congress' uniform national regulation of the labeling and advertising of over-the-counter ("OTC") drugs, including the Equate Gelcap Products.

Second, the Court should dismiss with prejudice this action pursuant to the primary jurisdiction doctrine in deference to the Food and Drug Administration ("FDA")'s primary jurisdiction over OTC drug labeling.

Third, Plaintiffs have failed to state a claim for violation of the False Advertising Law (the "FAL"), violation of the Unfair Competition Law (the "UCL"), violation of the Consumers Legal Remedies Act (the "CLRA"), violation of the Song-Beverly Consumer Warranty Act, breach of implied warranty of merchantability, breach of express warranty, violation of the Magnuson-Moss Warranty Act, unjust enrichment, and declaratory relief by not plausibly alleging under Rules 8(a) and/or 9(b) of the Federal Rules of Civil Procedure that the use of the words "Rapid Release" on the Equate Gelcap Products label is actionable.

Fourth, the California safe harbor doctrine bars Plaintiffs from imposing liability on Walmart under the UCL, FAL, and CLRA because Walmart has fully complied with FDA regulations and standards in labeling the Equate Gelcap Products.

4841-0793-9462.2

Fifth, all of Plaintiffs' claims should be dismissed because the use of the words "Rapid Release" on the Equate Gelcap Products label constitutes non-actionable puffery, and/or are not misstatements of fact.

Sixth, Plaintiffs have failed to state a claim under the Magnuson-Moss Warranty Act, Song-Beverly Warranty Act, for breach of express warranty and for breach of implied warranty of merchantability all fail to state a claim because: (1) Plaintiffs have not alleged any affirmation of fact made by the Equate Gelcap Products that are actionable; (2) the statement "Rapid Release" on the Equate Gelcap Products label is truthful and accurate; (3) the "Rapid Release" label does not promise any specific performance; and (4) the words "Rapid Release" on the Equate Gelcap Products labeling does constitute a written affirmation for a specified time period.

Seventh, Plaintiffs' unjust enrichment claim should be dismissed because unjust enrichment is not an independent cause of action, and because this claim is based on the other remaining claims that are subject to dismissal.

Eighth, Plaintiffs' declaratory judgment claim is derivative and duplicative of their remaining claims, and rest upon the same set of flawed premises, and therefore must be dismissed.

Finally, Plaintiff Edwards lacks standing to assert claims under the FAL, UCL, and CLRA because she did not rely on the words "Rapid Release" on the Equate Gelcap Products label in making her purchase decision.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, and the Request for Judicial Notice and attached exhibits thereto; the Proposed Order; and the record and files of this case, and any other and further oral or documentary evidence introduced at the hearing on this Motion.

///
///

4841-0793-9462.2

In accordance with Local Civil Rule 7-3, this Motion is made following the conference of counsel that took place on January 25, 2019.

DATED: February 5, 2019              **FOLEY & LARDNER LLP**

/s/ Jaikaran Singh
Jaikaran Singh
Attorneys for Defendant
Walmart, Inc.